J-A16036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KELLY L. NEISWONGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD NEISWONGER | : | No. 1349 WDA 2025 |

Appeal from the Order Entered September 16, 2025
In the Court of Common Pleas of Jefferson County
Civil Division at No: 472-CD-2024

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: July 24, 2026**

Kelly L. Neiswonger (Appellant) appeals *pro se* from the order denying her requests related to the custody of her son (Child).[1] We are constrained to quash.

At the request of Jefferson County Children and Youth Services (CYS), Child was adjudicated dependent, and placed with Richard Neiswonger (Paternal Uncle).[2] The trial court explained:

> CYS did not pursue termination of parental rights, which could have been done because [C]hild was in placement for well over the timeline for termination. It was decided to do subsidized permanent legal custodianship with [Paternal U]ncle. … At each of [Appellant's] visits, [C]hild would get very upset, and eventually he was placed at a residential treatment facility for

---

[1] The order is appealable because it resolves all outstanding claims. ***See G.B. v. M.M.B.***, 670 A.2d 714 (Pa. Super. 1996) (custody order is appealable after the trial court has concluded hearings and resolved all of the parties' claims).

[2] Child's father is deceased.

mental health. [As with] earlier placements, not only w[ould] [Appellant] not listen to professionals[, but] she continually bother[ed] the doctors and professionals who [we]re trying to treat [C]hild[,] to the point where they ha[d] to ask for no contact…. [Appellant] cannot control her emotions and has not [done so] during her entire case. She contacts at least 25 Jefferson County employees daily with the same questions. She continually writes letters to this court asking for legal advice. Unfortunately, she does not realize her lack of understanding and self-control and this only exacerbates the issues for [C]hild. It is in [C]hild's best interest to not have contact with [Appellant] at this point.

Trial Court Opinion, 11/25/25, at 1-2.[3]

On September 11, 2025, Appellant sent the Jefferson County Prothonotary an email, addressed to the trial court, which requested that the court "have a change of heart" regarding its prior orders. Email Correspondence, 9/11/25. On September 16, 2025, the trial court issued an order denying relief based on "the evidence, as shown by the record." Order, 9/16/25. Appellant filed a timely notice of appeal and concise statement. However, her brief precludes appellate review.

Appellant's brief is a one-page narrative. It lacks all of the required sections enumerated in the Rules of Appellate Procedure, such as a statement of questions and argument, and fails to cite any legal authority. *See* Pa.R.A.P.

---

[3] The court previously stated it would not permit Appellant to have contact with Child until it was recommended by "a mental health professional, through his or her training." Order, 4/7/25. The court reiterated, "until a mental health professional who is treating [C]hild asks for contact with [Appellant] and [she] follows their directions, this court will not change its order and no contact will remain." *Id.*

2111; Pa.R.A.P. 2119(b). Appellant claims the trial court "made a legal error," but does not make an intelligible argument to support this claim.

Appellant concedes she was not in a "right state of mind," and "put [Child] in harm[']s way," but asserts that the trial court "was presented with lies about me." Appellant's Brief at 1. She also claims she "followed the [trial court's] orders" and "[n]ot having contact with [Child] is detrimental to my mental health." *Id.* Appellant concludes: "What [I']m hoping to see come out of this brief is that our mother son connection. [*sic*] And become a family again." *Id.* The lack of a cogent legal argument precludes our review. Accordingly, we quash the appeal. *See* Pa.R.A.P. 2101 (providing for quashal when an appellant's brief contains substantial defects).

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/24/2026